UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELODY BRUTSCHER,

Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

Defendant.

No. C14-1094RSL

ORDER GRANTING SUMMARY JUDGMENT ON CLAIM FOR PUNITIVE DAMAGES

This matter comes before the Court on "Defendant's Motion for Partial Summary Judgment Regarding Punitive Damages." Dkt. # 14. Ms. Brutscher claims that defendant GEICO General Insurance Company, her insurer, refused to timely settle a bodily injury claim asserted against her for her policy limits which resulted in a trial and verdict many times the amount for which the matter could have been resolved. Plaintiff asserts claims of breach of contract, violation of the Washington Consumer Protection Act, bad faith, negligence, and violation of the Washington Insurance Fairness Act. In addition to compensatory damages, statutory damages, and attorney's fees, plaintiff seeks an award of punitive damages under California and Maryland law on the ground that the policies and decisions which led to the refusal to settle were made by GEICO employees in those states.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

GEICO argues that all of plaintiff's claims are governed by Washington law and that her claim for punitive damages is barred to the extent such damages are not authorized by

the Consumer Protection Act and/or the Insurance Fair Conduct Act. In a diversity case, federal courts apply the conflict-of-laws analysis of the state in which they sit. Coneff v. AT&T Corp., 673 F.3d 1155, 1161 (9th Cir. 2014). Under Washington law, a choice of law need be made only if there is an actual conflict between the laws or interests of the concerned states. Erwin v. Cotter Health Ctrs., 161 Wn.2d 676, 692 (2007). In this case, such a conflict exists: Washington generally disfavors punitive damages, and they will not be awarded unless an express statute allows for their recovery. California and Maryland, on the other hand, allow the recovery of unlimited punitive damages as a way of punishing defendant insurers. Thus, the relevant laws are in conflict.

Washington's choice of law analysis follows the general principles enunciated in the Restatement (Second) of Conflict of Laws § 6 and § 145. See, e.g., Rice v. Dow Chem. Co., 124 Wn.2d 205, 213 (1994). In Johnson v. Spider Staging Corp., 87 Wn.2d 577 (1976), the state Supreme Court established a two-step analysis. First, the court must evaluate the contacts with each interested jurisdiction using the factors set forth in § 145:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Johnson, 87 Wn.2d at 581. The second step involves an evaluation of the interests and public policies of potentially concerned jurisdictions, such as:

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6. "The extent of the interest of each potentially interested state should be determined on the basis, among other things, of the purpose sought to be achieved by their relevant local law rules and the particular issue involved." FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 968-69 (2014) (quoting Southwell v. Widing Transp., Inc., 101 Wn.2d 200, 204 (1984)).

For purposes of this motion, the Court assumes that GEICO trains its employees, develops policies, procedures, training materials, and bonus plans, drafts policy language, and makes all claims-handling decisions in California and/or Maryland.[1] Having considered the arguments of the parties and the undisputed and assumed facts regarding the relationship of this case to Washington, California, and Maryland, the Court finds that the dispute is centered in Washington and that, of the three states, Washington has the most significant relationship to the occurrence and the parties. With regards to the systemic and policy interests of the potential jurisdictions, Washington's public policy restricting the award of punitive damages, its comprehensive system of insurance regulation which provides for limited non-compensatory

---

[1] Plaintiff's alternative request for a Rule 56(d) continuance is therefore DENIED.

damages, and the uncertainty and lack of uniformity that would arise if the law of the insurer's home state applied in these circumstances lead the Court to the conclusion that Washington has the greatest interest in the application of its law to this dispute.

For all of the foregoing reasons, defendant's motion for summary judgment regarding plaintiff's claim for punitive damages (Dkt. # 14) is GRANTED.

Dated this 22nd day of December, 2014.

Robert S. Lasnik
United States District Judge